IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY LUCAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-1057-G |
| § | |
| OCWEN HOME LOAN SERVICING, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management. Based on the relevant filings and applicable law, defendants Mortgage Electronic Registration Systems, Inc., Reconstruct, and Federal National Mortgage Association, should be *sua sponte* **DISMISSED** as improperly joined defendants.

## I. BACKGROUND

On February 28, 2013, Jay Lucas (Plaintiff) filed this *pro se* suit in state court against Mortgage Electronic Registration Systems, Inc. (MERS), Reconstruct, Federal National Mortgage Association (Fannie Mae), Saxon Mortgage Services, Inc. (Saxon),[1] and Ocwen Loan Servicing, LLC (Ocwen)[2] for claims arising from the foreclosure of his home. (doc. 1-1 at 5–19.)

On March 12, 2013, Ocwen removed the case to federal court based on diversity jurisdiction, alleging that the citizenship of MERS, Reconstruct, Fannie Mae, and Saxon should be disregarded because they had been improperly joined. (*See* doc. 1 at 3–4.) It moved to dismiss Plaintiff's complaint on March 19, 2013, for failure to state a claim. (*See* doc. 5.) Plaintiff moved to remand

---

[1] Plaintiff incorrectly listed Saxon as "Saxon Mortgage" in his state petition. (doc. 1-1 at 5.)

[2] Plaintiff incorrectly listed Ocwen as "Ocwen Home Loan Servicing." (*Id.*)

the case to state court on April 11, 2013, and then filed an amended motion to remand the next day. (*See* docs. 9, 11.)  On November 5, 2013, it was recommended that Plaintiff's motion to remand be denied and that Ocwen's motion to dismiss be granted unless Plaintiff filed an amended complaint within the time frame for objections to the recommendation.  (*See* Findings, Conclusions, and Recommendation (Recommendation) (doc. 16 ).)  Ten days later, Plaintiff and Saxon filed a joint motion for stipulated dismissal as to Saxon.  (doc. 17.)

## II.  *SUA SPONTE* DISMISSAL

As found in the Recommendation, Plaintiff's allegations failed to raise a reasonable inference that he might be able to recover against MERS, Reconstruct or Fannie Mae (the unserved Defendants) on any of his claims. (doc. 16 at 6).  He expressly listed claims for breach of contract, violations of the Texas Debt Collection Practices Act (TDCPA), and unreasonable collection efforts. (doc. 1-1 at 11–15.)  Liberally construed, the complaint also asserted claims for fraud, wrongful foreclosure, violations of the Texas Constitution, and suit to quiet title.  (*Id.* at 10–11, 14.)  Despite general allegations directed at unspecified "Defendants," all of his claims were based on his allegations that Ocwen, the "mortgage servicer": (1) initiated the foreclosure proceedings despite having made representations that it would modify his mortgage and conduct a short sale, (2) improperly withheld $33,000 in insurance proceeds destined for repairs to the Property instead of releasing the funds or applying them to the balance due on the mortgage, (3) failed to close on the short sale even though Plaintiff had complied with all of the prerequisites and found a willing buyer, and (4) failed to provide Plaintiff with the requisite foreclosure notices.  (*See id.* at 8–10.)

All of the asserted facts giving rise to Plaintiff's claims implicated only Ocwen, so he failed to state a viable claim against the unserved Defendants.  Under a Rule 12(b)(6)-type analysis, the

Court found that Ocwen had met its heavy burden to show the joinder of these Defendants was improper. (doc. 16 at 8); *see also Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc) (the defendant may meet his "heavy burden" of showing improper joinder by showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court"). Although Plaintiff has not yet served these Defendants, and they have not otherwise appeared or defended in this action, the Court may, and should, *sua sponte* dismiss them as improperly joined. *See Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009) (affirming dismissal of improperly joined defendant; finding that the plaintiffs' "conclusory allegations [did] not establish a reasonable possibility of recovery against" it); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 702 (5th Cir. 1999) (holding that the district court's dismissal of the non-diverse defendant was proper because there was "no basis in Texas law or in fact" for any of the plaintiff's claims against him); *Mahon v. Aegon Direct Mktg. Servs., Inc.*, No. CIV.A. 3:04-CV-975-B, 2005 WL 1249486, at *1 (N.D. Tex. May 25, 2005) (holding that the non-diverse defendant was "not a proper party to th[e] lawsuit and his dismissal [was] required" because the plaintiff's "allegations were insufficient to allow a reasonable basis for [his] liability under Texas law").

### III. RECOMMENDATION

MERS, Reconstruct, and Fannie Mae should be *sua sponte* **DISMISSED** from this action as improperly joined defendants.

**SO RECOMMENDED** on this 21st day of November, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE