UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY LUCAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:13-CV-1057-G (BH) |
| OCWEN HOME LOAN SERVICING, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the findings, conclusions, and recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned district judge is of the opinion that, in addition to the claims already identified in the recommendation, the plaintiff's claims for violations of the Texas Constitution, the Texas Property Code, and the duty of good faith and fair dealing should also be dismissed.

The plaintiff presents no specific claims under either the Texas Constitution or the Texas Property Code. Instead, he merely states that the defendants "have violated the Texas Constitution and Texas Property Code." Plaintiff's First Amended Petition ¶ 18 (docket entry 32). A "formulaic recitation of the elements of a cause of action" will not withstand a Rule 12(b)(6) motion. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). It logically follows that failing to even identify a specific cause of action justifies dismissal.

In regards to the claim for breach of the duty of good faith and fair dealing, generally "Texas Law does not impose a duty of good faith and fair dealing on either the relationship of mortgagor and mortgagee or the relationship of creditor and debtor." *McDonald v. Deutsche Bank National Trust Company*, Civil Action No. 3:11-CV-2691-B, 2012 WL 2122168, at *6 (N.D. Tex. June 11, 2012) (Boyle, J.) (citing *Federal Deposit Insurance Corporation v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)). "Only in special relationships marked by shared trust or an imbalance in bargaining power" does Texas law impose such a duty. *Coleman*, 795 S.W.2d at 708-09 (citing, *e.g.*, *Arnold v. National County Mutual Fire Insurance Company*, 725 S.W.2d 165, 167 (Tex. 1987)). The complaint contains no allegations supporting the existence of such a special relationship and therefore the claim must be dismissed.

Defendant's motion to dismiss plaintiff's first amended petition, filed March 6, 2014 (docket entry 36) is **GRANTED** in part and **DENIED** in part. Plaintiff's

claims against Ocwen for wrongful foreclosure, breach of contract, quiet title, and "violations of C.P.F.D. Rules," the Texas Constitution, the Texas Property Code, and the duty of good faith and fair dealing are **DISMISSED** with prejudice for failure to state claim upon which relief can be granted.  Remaining for trial are plaintiff's claims for unreasonable debt collections, fraud, conversion, forgery, trespass, declaratory judgment, injunctive relief, and violations of the TDCPA and RESPA.

     **SO ORDERED**.

December 12, 2014.

                                              _/s/ A. Joe Fish_
                                              A. JOE FISH
                                              **Senior United States District Judge**