**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JAY LUCAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1057-G |
| | § | |
| OCWEN HOME LOAN SERVICING, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management.  Before the Court are the plaintiff's *Motion for Default Judgement and to Proceed to Jury for Damages* (doc. 52), and *Defendant's Motion for Leave to File Answer* (doc. 53)*,* both filed April 9, 2015.  Based on the relevant filings and applicable law, the motion for leave to file an answer is **GRANTED**.  The motion for default judgment should be **DENIED**.

## I.  BACKGROUND

This case involves the attempted foreclosure of real property located at 2575 Gibbs Williams Road, Dallas, Texas 75233 (the Property).  (*See* doc.  1-1 at 6.)[1]  On February 28, 2013, Jay Lucas (Plaintiff) filed this *pro se* suit against several defendants, including Ocwen Loan Servicing, LLC (Defendant)[2] in the Dallas County Court at Law No. 1.  (*Id.* at 5.)  On March 1, 2013, the state court issued a temporary restraining order to restrain Defendant from executing a foreclosure sale of the Property. (*Id.* at 43-44.)  On March 12, 2013, Defendant removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332.  (*See* doc. 1 at 3.)  It also moved to dismiss the action,

---

[1]   Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]   Defendant contends that Plaintiff incorrectly name it as "Ocwen Home Loan Servicing" in his first amended complaint.  (doc. 32 at 1-2.)

and the plaintiff moved to remand the case.  (*See* docs. 5, 9, 11.)  On November 5, 2014, it was recommended that the motion to dismiss be granted in part, that the motion to remand be denied, and that Plaintiff be given an opportunity to replead.  (*See* doc. 16.)  On December 16, 2013, the other defendants were dismissed with prejudice from the case.  (*See* docs. 27-29.)

After receiving an extension of time, on February 5, 2014, Plaintiff filed a first amended complaint.  (*See* docs. 32.)  Defendant again moved to dismiss the first amended complaint, and the motion was granted in part and denied in part on December 12, 2014.  (*See* docs. 36, 44, 46.) Defendant did not file an answer, but it did file its proposal for a scheduling order on January 8, 2015, as ordered.  (*See* docs. 47-49.)  On April 9, 2015, Plaintiff moved for default judgment, and Defendant moved for leave to file an answer.  (*See* docs. 52, 53.)  Plaintiff did not specifically seek entry of default by the Clerk before seeking a default judgment, and no default has been entered.  (*See* docs. 52, 54.)

## II.  MOTION FOR LEAVE TO FILE AN ANSWER

Here, no default has been entered in this case.  Even if it had, under Rule 55(c), courts may set aside an entry of default upon a showing of good cause.  Fed. R. Civ. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004).  The good cause standard is a liberal one.  *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  In deciding whether a defendant has shown good cause, courts consider whether: (1) the failure to respond was due to excusable neglect; (2) the plaintiff would suffer prejudice if the default was set aside; and (3) the defendant has presented a meritorious defense.  *Id.*; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry instead of willfulness); *Stevenson v. Verizon Wireless, LLC*, No. 3:08-CV-0168-G, 2009 WL 188188,

at *2 & n. (N.D. Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*).

Courts also often consider whether the defendant acted promptly to correct the default. *Effjohn*, 346

F.3d at 563. "The decision to set aside a fault decree lies within the sound discretion of the district

court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

The Supreme Court has held that excusable neglect is an "'elastic concept' and is not limited

strictly to omissions caused by circumstances beyond the [movant's] control." *Pioneer Inv. Servs. Co.*

*v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless

omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable

neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness

. . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772,

at *2 (N.D. Tex. Mar. 31, 2008); *see also Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC*, No.

3:09-CV-1384-D, 2009 WL 3378401, at *2 (N.D. Tex. Oct. 19, 2009) (the defendant's mistaken

reliance on settlement negotiations constituted excusable neglect); *Stelax Indus., Ltd.*, 2004 WL

733844, at *10 (the defendants' default was excusable where they were under the false impression that

the co-defendant's attorney represented them); *UMG Recordings, Inc. v. Landers,* CIV.A. 07-1279,

2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing the defendant's delay in answering the

complaint where there was no evidence that he acted intentionally).

Here, Defendant states that it had not previously answered because of its pending motion to

dismiss, and subsequent efforts to settle the case. (*See* doc. 53.) It appears that it is alleging "mistake,

inadvertence or carelessness", which meets the "elastic" standard for excusable neglect. *See Pioneer*

*Inv. Servs. Co.*, 507 U.S. at 392; *Friedman & Feiger, L.L.P.*, 2009 WL 3378401, at *2. There is no

evidence suggesting that Defendant's failure to answer was intentional. *See Landers*, 2008 WL 60422,

at *2.  Moreover, there is also no indication that Plaintiffs would suffer prejudice.  Defendant has been vigorously defending the suit, and it moved for leave to file an answer immediately after Plaintiff moved for default judgment, while the case is still in its relatively early stages, and well before the Court could take action on the motion for default judgment.  *See Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (Fitzwater, C.J.) (holding that apart from delaying a possible recovery, setting aside the default and requiring the plaintiffs to litigate their claims caused them no unfair prejudice).  Defendant has shown good cause for its failure to answer, and its motion for leave to file an answer is **GRANTED**.  The Clerk of Court shall file Defendant's proposed answer, which is attached as an exhibit to its motion.

### III.  MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendant.  (*See* doc. 52.)  Rule 55 allows a default judgment to be entered against a party and provides the applicable procedure.  *See* Fed. R. Civ. P. 55.  There is a three-step process for securing a default judgment.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise."  *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation and internal quotation marks omitted).  Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Id.*  (quoting *Ganther v. Ingle*, 75 F.3d

207, 212 (5th Cir. 1996) (per curiam)).   Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits."   *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citation omitted). The decision to enter a judgment by default is discretionary. *Id*.

Because no default has been entered, and Defendant's motion for leave to file an answer has been granted, Plaintiff cannot satisfy the second requirement for a default judgment, i.e., entry of default.  *See* Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141.  Even if Defendant had not shown good cause for leave to file an answer, Plaintiff would still not be entitled to default judgment as a matter of right.  *See Lewis*, 236 F.3d at 767.   In view of the damages sought, a decision on the merits is warranted. *See Stelax Indus., Ltd.*, 2004 WL 733844, at *11.  Accordingly, Plaintiff's motion for default judgment should be denied.

## V.  RECOMMENDATION

Plaintiffs' motion for default judgment should be **DENIED.**

**SO RECOMMENDED**, this 13th day of April, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE